IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANDREW L. HORTON                                                                                  PLAINTIFF

v.                                        Case No. 4:13-cv-00147 KGB

ERIK K. SHINESKI,
Secretary of Veterans Affairs,
MICHAEL R. WINN,
DENIESE EVANS,                                                                                  DEFENDANTS

## ORDER

On March 15, 2013, *pro se* plaintiff Andrew L. Horton filed a complaint against defendants Eric K. Shinseki, Michael R. Winn, and Deniese Evans under Title VII of the Civil Rights Act of 1964 for employment discrimination (Dkt. No. 1). Mr. Horton paid the filing fee and filed his complaint. On August 16, 2013, defendants filed a motion to dismiss because Mr. Horton did not perfect service within 120 days after he filed his complaint (Dkt. No. 2). Defendants request that the Court dismiss the case without prejudice or, alternatively, enter an order that service be completed within a specific time (Dkt. No. 3, at 4). The Court denies defendants motion to dismiss and orders that Mr. Horton has up to and including November 18, 2013, to complete service.

Rule 4 of the Federal Rules of Civil Procedure governs the contents of a summons, the issuance of the summons, and the process by which to serve defendants a copy of the summons and complaint. Because defendants are employees of a United States agency being sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, Mr. Horton must serve both the defendants under Rule 4(e) and the United States under Rule 4(i)(1). Fed. R. Civ. P. 4(i)(3). Mr. Horton properly served the defendants but not the United States. The United States is properly served by (1) delivering a copy of the

summons and complaint to the United States Attorney for the district where the action is brought or a person in the office who has been designated to accept service, or instead sending a copy of each by registered or certified mail to the civil process clerk at the United States Attorney's office, and (2) sending a copy of each by registered or certified mail to the Attorney General of the United States in Washington D.C.  Fed. R. Civ. P. 4(i)(1)(A) & (B).

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period."  Under Rule 4(m), a district court must engage in a two-step analysis:

> [1] [I]f the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. [2] If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice. . . .  To warrant discretionary extension, the plaintiff must establish excusable neglect.

*Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996)).  "Excusable neglect" requires "good faith and some reasonable basis for noncompliance with the rules." *Adams*, 74 F.3d at 887.  Factors a court may consider in determining whether neglect is excusable include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Gibbons v. United States,* 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).  The reason for the delay has the greatest significance when weighing these factors.  *Id*. Excusable neglect is an "elastic concept" permitting courts to provide relief where the failure to

meet a deadline is caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka*, 628 F.3d at 959 (quoting Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010)). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Gibbons*, 317 F.3d at 854 (quoting *Pioneer*, 507 U.S. at 395).

Mr. Horton fails to demonstrate good cause for his failure to serve within the 120-day period. However, this Court retains discretion to grant an extension of time to perfect service if it finds excusable neglect. Here, dismissal of the action without prejudice may have the actual effect of terminating Mr. Horton's Title VII claim because of the statute of limitations, which requires a federal court action be filed 90 days after the EEOC issues a final decision or order. While "[t]he running of the statute of limitations does not require the district court to extend time for service of process," especially when plaintiff can offer no legitimate reason for the untimely service, *id*. (quoting *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1306 (3rd Cir. 1995)), it can be "a strong argument in favor of a permissive extension, at least when such an extension would cause little or no prejudice to the defendant," *Colasante v. Wells Fargo Corp*., 81 F. App'x 611, 614 (8th Cir. 2003) (per curiam) (unpublished). It is unclear whether an extension would cause any prejudice to the defendants, as all were served the summons and complaint individually and were represented by the U.S. Attorney in their motion to dismiss; conversely, the prejudice to Mr. Horton would be severe. Further, Mr. Horton properly served defendants individually. For these reasons, and after taking account of all relevant circumstances, the Court finds excusable neglect and hereby extends Mr. Horton's deadline to serve properly the United States.

Mr. Horton is hereby directed to comply with Rule 4(i)(3) of the Federal Rules of Civil Procedure by properly serving the United States as required in Rule 4(i)(1)(A) & (B). Mr. Horton has up to and including November 18, 2013, to serve properly the United States.

Pursuant to Local Rule 5.5 (c)(2), it is the duty of any party not represented by counsel to notify promptly the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. If any communication from the Court to a *pro se* plaintiff is not responded to within 30 days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

The Clerk is directed to send a copy of this Order *via certified mail* to Mr. Horton at his address of record.

SO ORDERED this 17 day of October, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE