IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ANDREW L. HORTON**                                                                     **PLAINTIFF**

v.                              **Case No. 4:13-cv-00147 KGB**

**ERIK K. SHINSEKI,**
Secretary of Veterans Affairs,
**MICHAEL R. WINN,**
**DENIESE EVANS**                                                       **DEFENDANTS**

## ORDER

Before the Court is separate defendants Michael Winn and Deniese Evans's ("separate defendants") motion to dismiss (Dkt. No. 9). Separate defendants argue that defendant Eric Shinseki, Secretary of Veteran Affairs, is the sole proper defendant in this lawsuit. Plaintiff Andrew L. Horton has not responded, and the time for doing so has passed. The Court grants separate defendants' motion to dismiss.

Mr. Horton is employed as the Housekeeping Foreman at the Central Arkansas Veterans Healthcare System in Little Rock, Arkansas. He filed this employment discrimination action—alleging discrimination based on race, color, sex, and reprisal—when he was not considered or selected for a promotion. Ms. Evans, as the Chief of Environmental Services, was the selecting official for the position for which Mr. Horton applied, though his name was not on the certificate of applicants she received. Mr. Winn is Mr. Horton's second-line supervisor. Mr. Horton brings his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII").

Title VII is a federal employee's exclusive judicial remedy for employment discrimination claims. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *Harrell v. Donahue*, 638 F.3d 975, 983-84 (8th Cir. 2011). In a Title VII action, the head of the appropriate

department, agency, or unit is the only proper defendant. 42 U.S.C. § 2000e-16(c); *Warren v. Dep't of Army*, 867 F.2d 1156, 1158 (8th Cir. 1989); *Morgan v. U.S. Postal Serv.*, 798 F.2d 1162, 1165 n.3 (8th Cir. 1986); *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984); *Hicks v. Brown*, 929 F. Supp. 1184, 1189 (E.D. Ark. 1996); *Barhorst v. Marsh*, 765 F. Supp. 995, 999 (E.D. Mo. 1991). A supervisor or employee may not be held individually liable under Title VII. *See Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (supervisor); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) (employee). Thus, Mr. Winn and Ms. Evans are not proper defendants, and the Court dismisses Mr. Horton's claims against them.

SO ORDERED this 9th day of May, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE