IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANDREW L. HORTON                                                                          PLAINTIFF

v.                                         Case No. 4:13-cv-00147 KGB

ERIK K. SHINSEKI,
Secretary of Veterans Affairs                                                         DEFENDANT

### ORDER AND OPINION

On March 15, 2013, plaintiff Andrew L. Horton filed this action against defendant Eric K. Shinseki, as the then-Secretary of Veterans Affairs (the "Secretary"),[1] alleging discrimination, retaliation, and harassment on the basis of race, color, and sex (Dkt. No. 1). Before the Court is the Secretary's motion for summary judgment (Dkt. No. 17), to which Mr. Horton responded (Dkt. No. 22). For the reasons below, the Court grants the Secretary's motion for summary judgment.

**I.      Factual Background**

The following facts are taken from the Secretary's statement of uncontested facts (Dkt. No. 19). Mr. Horton did not file a response admitting or denying specifically the facts in the Secretary's statement of uncontested facts but stated that "most of the information . . . presented was incorrect, the dates are incorrect" (Dkt. No. 22). Mr. Horton has not cited to the record, or pointed to a lack of record evidence, to support his general statement. For these reasons, the Court accepts the Secretary's statement of uncontested facts, where supported by the record or not specifically contested by Mr. Horton, as true to resolve this motion. *See Robinson v.*

---

[1] Federal Rule of Civil Procedure 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."

*American Red Cross*, 753 F.3d 749, 754-55 (8th Cir. 2014) (considering facts in movant's statement of uncontested facts to be undisputed where non-movant failed to submit responses to movant's statement, through a "separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried," as required by this Court's Local Rule 56.1).

Mr. Horton, an African American male, is currently employed as the housekeeping aide supervisor at the Central Arkansas Veterans Healthcare System in Little Rock, Arkansas. He filed this employment discrimination action when he was not considered for or selected as the textile care distribution supervisor. The textile care distribution supervisor position was advertised through USA Jobs and open to agency employees only. Applications were accepted from December 21, 2011, through January 4, 2012.

Deniese Evans, as the Chief of Environmental Services, was the selecting official for the supervisor position for which Mr. Horton applied. Mr. Horton filed prior Equal Employment Opportunity ("EEO") complaints against Ms. Evans in 2005 and testified before an administrative investigative board in July 2010. Charlie Reed was the human resource staffing specialist responsible for reviewing and screening applications for the position to make sure that applicants submitting applications met the qualifications for the job so as to enable those applicants' names to be placed on the selection certificate. At the time Mr. Reed worked on the position for which Mr. Horton applied, Mr. Reed did not know Mr. Horton, had never met him, and did not know of Mr. Horton's prior EEO activity or testimony.

USA Jobs found Mr. Horton to be ineligible for the position because he either did not submit an occupational questionnaire, which was part of the application package, or did not answer all of the required questions in the questionnaire. Because USA Jobs found Mr. Horton

ineligible, USA Jobs did not rate Mr. Horton for the position.  As a result, Mr. Reed did not place Mr. Horton's name on the selection certificate.  Mr. Horton appears to argue that Ms. Evans and Mr. Reed conspired to compromise his application, though Mr. Horton admits that he has no evidence to support this theory (Dkt. No. 18-1, at 45).

Mr. Reed placed the names of two other male applicants on the selection certificate. Unlike Mr. Horton, USA Jobs found eligible and rated both applicants whom Mr. Reed placed on the selection certificate.  Ms. Evans selected one of those applicants, who is Caucasian, for the position.

## II.     Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).  However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.  *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008).  "The evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (citations omitted). Accordingly, this Court applies the same summary judgment standard to discrimination cases as it does to all others.

### III. Analysis

#### A. Race Discrimination

Because Mr. Horton presents no direct evidence of race discrimination, he must attempt to create an inference of unlawful discrimination under the three-step analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953 (8th Cir. 2012). Under the *McDonnell Douglas* analysis, "the plaintiff bears the burden of establishing a prima facie case of discrimination." *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007). If a plaintiff makes out a *prima facie* case, he creates a presumption of unlawful discrimination, and the burden shifts to the defendant to come forward with evidence of a legitimate, nondiscriminatory reason for its actions. *Id*. "If the defendant articulates such a reason, the burden returns to the plaintiff to show the defendant's proffered reason is pretextual." *Id.*

To establish a *prima facie* case of race discrimination when alleging a failure-to-promote claim, Mr. Horton must show that: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of his protected group, were promoted instead. *Jackson v. United*

*Parcel Serv., Inc.*, 643 F.3d 1081, 1086 (8th Cir. 2011).  Mr. Horton, as an African American, is a member of a protected group, and he was not selected for the supervisor position.  The Court also assumes without deciding for the purposes of this Order that Mr. Horton was qualified and applied for a promotion to the available position.  Even with this assumption, Mr. Horton fails to establish a *prima facie* case because Mr. Horton cannot show that similarly situated employees were promoted instead.

To be similarly situated, Mr. Horton must show that he was considered a viable candidate for the position.  *Id.* at 1086-87 (citation omitted) (granting summary judgment as to plaintiff's race and sex discrimination claims because plaintiff, unlike those who were promoted, had not completed her promotion applications process because her direct manager had not completed and submitted her promotion packet).  Here, Mr. Horton either failed to submit a complete application package or failed to answer all of the required questions, which caused him to be rated ineligible for the job by USA Jobs.  As a result, because he was rated ineligible for the job by USA Jobs, his name was not placed on the selection certificate.  Because the two individuals considered for the promotion, including the individual eventually selected for the position, submitted complete application packages, were rated by USA Jobs for the position, and were placed on the selection certificate, those individuals are not similarly situated to Mr. Horton.

In an effort to overcome this failure in his *prima facie* case, Mr. Horton theorizes that Mr. Reed followed Ms. Evans's direction to make Mr. Horton's application incomplete and ineligible.  Mr. Horton admits in deposition testimony that he has no evidence to support this theory (Dkt. No. 18-1, at 45).  Moreover, even if any credence could be given to Mr. Horton's unsupported theory that Ms. Evans gave such direction, Mr. Horton admits in deposition testimony that he does not think that Ms. Evans did so because of his race (*Id.* at 50).

5

### B.     Retaliation

To establish a *prima facie* case of retaliation, Mr. Horton must prove that: (1) he engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, 1146 (8th Cir. 2007) (citations omitted). Assuming without deciding for purposes of this Order that Mr. Horton engaged in protected conduct and that reasonable employees would have found the challenged retaliatory action materially adverse, Mr. Horton cannot establish a *prima facie* case of retaliation because he cannot establish a causal connection between the materially adverse action and the protected conduct.

Mr. Horton claims that Ms. Evans retaliated against him by directing Mr. Reed to compromise his application for the position because Mr. Horton testified before an administrative investigative board about Ms. Evans around July 2010 (Dkt. No. 18-1, at 55-56). Applications for the position at issue in this case were accepted from December 21, 2011, through January 4, 2012, about 18 months after Mr. Horton provided his testimony. "As more time passes between the protected conduct and the retaliatory act, the inference of retaliation becomes weaker and requires stronger alternate evidence of causation." *Tyler v. Univ .of Ark. Bd. of Trs.*, 628 F.3d 980, 986 (2011). The Eighth Circuit Court of Appeals has held that interval periods of seven, six, and even two months are too long to draw an inference of retaliation. *Littleton v. Pilot Travel Ctrs.*, 568 F.3d 641, 643, 645 (8th Cir. 2009) (seven months); *Recio v. Creighton Univ.*, 521 F.3d 934, 941 (8th Cir. 2008) (six months); *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1044 (8th Cir. 2007) (six months); *Lewis v. St. Cloud State Univ.*, 467 F.3d

1133, 1138 (8th Cir. 2006) (two months). Here, Mr. Horton admits that he has no alternate evidence of causation (Dkt. No. 18-1, at 45).

Even if Mr. Horton could establish a *prima facie* case of retaliation, he cannot show that the Secretary's legitimate, nondiscriminatory reason for taking the adverse action is pretext. Ms. Evans could not select Mr. Horton for the position because he was not on the selection certificate. Mr. Reed, who had never met Mr. Horton and, as Mr. Horton admits, did not have knowledge of his prior EEO activity or testimony (Dkt. No. 18-1, at 48), did not put Mr. Horton on the selection certificate because USA Jobs rated Mr. Horton ineligible. Again, Mr. Horton admits in deposition testimony that he has no evidence supporting his theory that Mr. Reed followed Ms. Evans's direction to make Mr. Horton's application incomplete and ineligible (*Id.* at 45).

### C. Sex Discrimination And Harassment

Mr. Horton alleges sex discrimination and harassment in his complaint but did not raise these claims in his administrative EEO complaint (Dkt. Nos. 18-1, at 13, 18-5, 18-6). Before a federal court may consider a Title VII claim, an employee must fully exhaust his administrative remedies by providing the Equal Employment Opportunity Commission ("EEOC") the first opportunity to investigate discriminatory practices. *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994); *see* 29 C.F.R. § 1614.105 (providing requirements for a federal employee to contest discrimination in employment). Although a plaintiff will be considered to have exhausted his administrative remedies as to allegations that are like or reasonably related to the substance of charges exhausted in his administrative EEO complaint, *Williams*, 218 F.3d at 222, the plaintiff's allegations must be sufficient to put the employer on notice of the conduct complained of and the

general basis of the claim, *Fair v. Norris*, 480 F.3d 865, 866-67 n.2 (8th Cir. 2007). Because Mr. Horton's EEO complaint was not sufficient to put his employer on notice of his sex discrimination and harassment claims, the Court grants the Secretary's motion for summary judgment as to those claims. *See Williams*, 218 F.3d at 223 (refusing to allow plaintiff to raise race discrimination claim when he only raised retaliation in his administrative complaint); *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000) (finding that plaintiff's harassment claim could not have reasonably been expected to grow out of an investigation of his allegations of discriminatory demotion and termination).

### IV.   Conclusion

For the foregoing reasons, the Court grants the Secretary's motion for summary judgment. Mr. Horton's race discrimination and retaliation claims are dismissed with prejudice. Mr. Horton's sex discrimination and harassment claims are dismissed without prejudice.

SO ORDERED this 17th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE